UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | Criminal No. 07-152-06 (ESH) |
| ) | |
| Helery Price, ) | |
| ) | **FILED** |
| Defendant. ) | |
| ) | JUL 1 2 2007 |

**MEMORANDUM OPINION AND ORDER**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Defendant Helery Price, along with eighteen others, has been charged with one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of phencyclidine ("PCP") in violation of 21 U.S.C. § 846, an offense punishable by ten years to life. *See* 21 U.S.C. §§ 841(b)(1)(A)(iv), 846. At the government's request, a detention hearing was held on June 25, 2007, before Magistrate Judge John M. Facciola, at which time Judge Facciola ordered Price held without bond pursuant to 21 U.S.C. § 3142(e). Price thereafter filed a motion to set conditions of release and revoke Judge Facciola's order of detention under 18 U.S.C. § 3145(b), which the government opposed. The Court held a hearing on the motion on July 10, 2007, at the conclusion of which the Court issued an oral ruling denying defendant's motion. This Memorandum Opinion sets forth in further detail the basis for the Court's ruling.

## DISCUSSION

Under the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, a judicial officer "shall order" a defendant's detention before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e). The judicial officer

considering the propriety of pretrial detention must consider four factors:

> (1) [t]he nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance;
>
> (2) the weight of evidence against the person;
>
> (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; . . . and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* § 3142(g). The government is required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence. *See id.* § 3142(f). However, when "there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)," there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." *Id.* § 3142(e).

As found by the grand jury, there is probable cause to believe that Price was part of a conspiracy to distribute and possess with intent to distribute PCP, a violation of the Controlled Substance Act punishable by ten years to life. *See* 21 U.S.C. §§ 841(b)(1)(A)(iv), 846. Having heard a sampling of the intercepted phone calls and based on the government's proffer, the Court is satisfied that there is substantial evidence connecting Price to Anthony Maurice Suggs, the subject of an extensive federal narcotics investigation involving a wiretap on Sugg's cell phone, as well as interceptions in and around Suggs's Chevrolet Tahoe. As set forth in the government's

opposition, Price was one of a number of individuals who met and spoke by telephone with Suggs to discuss drug distribution. In addition to repeated meetings in January, March and April of 2007, the government intercepted conversations in which Suggs and Glover discussed Price's dealings in half gallons of PCP, and conversations between Price and Suggs discussing the need to be aware of possible government surveillance. This evidence is sufficient to support a finding that Price played more than a minor role in a PCP drug ring and was a knowing participant in a drug conspiracy. Accordingly, in determining whether Price's continued detention is warranted, the Court must begin with the presumption that "no condition or combination of conditions will reasonably assure [his] appearance . . . as required and the safety of the community." 18 U.S.C. § 3142(e).

In attempting to rebut this presumption, Price stresses his extensive ties to the community. Defendant is a lifetime resident of the District of Columbia, he lives with his sister, and several of his family members appeared at the hearing. At the time of his arrest, Price was employed as a lot attendant at a car dealership.

The "history and characteristics of the [defendant]," however, is only one of four factors that the Court must consider in determining the appropriateness of pretrial detention, and the remaining factors speak to the need for detention in this case. First, the offense charged is serious, involving a controlled substance and a potential life sentence. *See* 18 U.S.C. § 3142(g)(1). Price argues that there is no evidence that any criminal activity occurred in Price's meetings with Suggs or that Price "participated at a high level" in the alleged conspiracy. However, the contacts between Price and Suggs were numerous and must be considered in the context of the alleged large-scale drug conspiracy. Second, although most of Price's criminal record is old, he does have four prior convictions (three felonies) dating back to 1982 and was on

supervised release at the time of his arrest. With two prior felony drug convictions, Price faces a mandatory term of life imprisonment if convicted. Finally, Price has been indicted as a member of a large-scale drug conspiracy, which constitutes a serious threat to the community. When these factors are considered together, it is clear that Price cannot overcome the law's presumption against pretrial release.

For the foregoing reasons, defendant's motion for reversal of the Magistrate Judge's order of detention [Dkt. 20] is hereby **DENIED**. In accordance with 18 U.S.C. § 3142(i), the Court hereby **ORDERS** that defendant remain in the custody of the Attorney General for confinement in a corrections facility pending trial.

*Ellen S Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date: July 12, 2007

cc: Magistrate Judge John M. Facciola