UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | )
|---|---|
| **UNITED STATES,** | ) |
| | ) |
| v. | ) Criminal No. 07-cr-0152-6 (ESH) |
| | ) |
| **HELERY R. PRICE,** | ) |
| | ) |
| Petitioner. | ) |
| | ) |

**MEMORANDUM OPINION**

Before the Court are petitioner Helery R. Price's motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from this Court's previous denial of his motion under 28 U.S.C. § 2255 (*see* Mot. for Relief, ECF No. 416), and the government's motion to transfer petitioner's motion to the Court of Appeals for the District of Columbia as a second or successive § 2255 motion. (*See* Mot. to Transfer, ECF No. 418.) For the reasons stated herein, the Court concludes that it lacks jurisdiction over Price's motion and grants the transfer to the Court of Appeals pursuant to 28 U.S.C. § 1631.

**BACKGROUND**

On August 7, 2008, Price was sentenced to life in prison for his part in a conspiracy to distribute and possess with intent to distribute one kilogram or more of PCP, in violation of 21 U.S.C. §§ 841(a)(1), 848(b)(1)(A)(iv), and 846. (*See* Mot. to Transfer at 2–3.) The life sentence was required based upon the Court's application of a sentencing enhancement under 21 U.S.C. § 841(b), due to Price's two prior felony drug convictions. Prior to the application of this enhancement, the Court asked Price to "affirm" the two predicate convictions that supported the enhancement—a 1993 conviction in the U.S. District Court for the District of Columbia, and a

1988 conviction in the Superior Court for the District of Columbia. (*See id.* at 2; *see also* June 16, 2008 Order re: Prior Convictions, ECF No. 222.) Price's attorney filed a response saying that Price affirmed the convictions. (*See* Reply, ECF No. 227.)

However, approximately a month later, Price filed, *pro se*, a letter explaining that he wished to challenge his 1988 conviction as "outside of the applicable time period to constitute me a Carreer [sic] Offender."[1] (July 24, 2008 Letter, ECF No. 257.) Despite this letter, no further challenge to the use of Price's 1988 conviction was made, and "[d]uring the sentencing hearing, neither petitioner nor his counsel challenged the predicate convictions used to enhance his sentence." (*See* Mot. to Transfer at 3.) Price appealed, and the Court of Appeals affirmed his conviction on June 5, 2012. *See United States v. Glover*, 681 F.3d 411 (D.C. Cir. 2012).

Price moved for relief under § 2255 on October 25, 2013. (*See* Mot. to Vacate, ECF No. 329.) This Court denied Price's motion but granted a certificate of appealability on two issues not relevant to the instant motion. Once again, no mention was made of the use of Price's 1988 conviction in his original sentencing. The Court of Appeals affirmed the denial of Price's § 2255 motion on October 10, 2017. *See United States v. Glover*, 872 F.3d 625 (D.C. Cir. 2017).

Price's current motion, which is "for relief from a judgment or order," was filed on October 2, 2019. (*See* Mot. for Relief at 1.) Price seeks relief on the ground that counsel for his § 2255 motion omitted claims of a constitutional dimension arising from the use of his 1988 conviction in the 2008 sentencing. He argues that counsel for the Motion to Vacate should have included in the § 2255 motion that: (1) "despite Mr. Price's expressed challenge to a predicate

---

[1] Contrary to his letter, Price was not sentenced under the Career Offender Guidelines. *See* U.S.S.G. § 4B1.1. Rather, he was sentenced under a prior version of 21 U.S.C. § 841(b)(1), which was effective until April 14, 2009, and which required that a life sentence be imposed for certain drug crimes where a defendant already had "two or more prior convictions for a felony drug offense," regardless of when such convictions occurred. *See* 21 U.S.C. § 841(b)(1).

2

conviction . . . trial counsel instead affirmed it"; and (2) counsel for his direct appeal also did not raise any challenge to the predicate conviction. (*See id.* at 1.)[2] The government moved on November 4, 2019, to transfer Price's motion to the Court of Appeals on the ground that although styled as a Rule 60(b) motion, it is in effect a second or successive § 2255 motion.

## ANALYSIS

### I. Legal Standards

"A second or successive motion [under § 2255] must be certified . . . by a panel of the appropriate court of appeals to contain" certain newly discovered evidence or the availability of a new, retroactively applicable rule of constitutional law before it can be entertained by a district court. *See* 28 U.S.C. § 2255(h); *see also United States v. Arrington*, 763 F.3d 17, 23 (D.C. Cir. 2014) ("[A] movant who seeks to bring a second or successive § 2255 motion must obtain pre-filing authorization from a panel of the appropriate court of appeals." (internal quotation marks omitted)). Such certification is carried out as provided in 28 U.S.C. § 2244. *See* 28 U.S.C. § 2255(h).

Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for one of five enumerated grounds or for "any other reason that justifies relief." Such motions must be made "within a reasonable time frame," which is defined as "no more than a year" for motions made under Rule 60(b)(1)-(3). While the rule "provides courts with authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice," the Supreme Court has cautioned

---

[2] Price's letter in 2008 complained that his conviction in 1988 should not have been used to calculate his Guideline range under the Career Offender Guideline. *See supra* note 1. In contrast, his primary argument regarding the 1988 conviction, as articulated in the present motion, is that trial counsel in 1988 failed to appeal the conviction, although Price does not indicate the grounds on which it could have been appealed. (*See, e.g.*, Mot. for Relief at 13.)

3

that such authority "should only be applied in extraordinary circumstances." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (internal quotation marks omitted).

The Supreme Court concluded in *Gonzalez v. Crosby*, 545 U.S 524 (2005), that although the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "did not expressly circumscribe the operation of Rule 60(b)[,] . . . [u]sing Rule 60(b) to present new claims for relief from a . . . judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.* at 529–31. Nevertheless, a 60(b) motion that attacks "some defect in the integrity of the federal habeas proceedings," rather than the substance of the district court's resolution on the merits, should *not* be treated as a second or successive habeas petition. *See id.* at 532. This is because such motions do not "circumvent[] AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.* at 531. The Court of Appeals has applied the reasoning of *Crosby*—which analyzed the claim of a state petitioner pursuant to 28 U.S.C. § 2254—to § 2255 cases as well. *See Arrington*, 763 F.3d at 22.

## II. Price's motion attacks the merits of his previous § 2255 denial, and thus must satisfy § 2255(h)'s requirements for a second or successive motion.

Although Price attempts to cast his Rule 60(b) motion as one that challenges a "defect in the integrity of the federal habeas proceedings" (*see* Mot. for Relief at 1 (quoting *Crosby*, 545 U.S. at 532)), his motion falls squarely within the category of motions that *Crosby* describes as "in substance a successive habeas petition." *Id.* at 531.

Price first claims that his Motion to Vacate counsel should have brought a claim that his trial counsel was ineffective because he failed to object to use of the predicate 1988 conviction. However, this type of claim is directly addressed in *Crosby*. There, the Supreme Court cited a

4

case from the United States Court of Appeals for the Second Circuit, *Harris v. United States*, 367 F.3d 74 (2d Cir. 2004), as a paradigmatic example of a case in which "a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Crosby*, 545 U.S. at 531. In *Harris*, the petitioner argued that he should receive relief under Rule 60(b) because "he was prejudiced by [his lawyer's] omission as habeas counsel [of a claim] in the initial habeas proceeding." *See* 367 F.3d at 82.[3] Price makes the same argument as the defendant in *Harris*, and therefore, the Court must reach the same result as required by *Crosby*. *See* 545 U.S. at 423 n.5 ("[A]n attack based on the movant's own conduct, or his habeas counsel's omissions, . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably."). Moreover, Price's argument that his Motion to Vacate counsel should have brought up the failure of his counsel on direct appeal regarding the 1988 conviction is no different. "[D]espite the label as a Rule 60(b) motion, [Price's] pleading ultimately 'seeks to add a new ground for relief'" from his conviction," and must be treated as a second or successive § 2255 motion. *See United States v. White*, 2018 WL 10398026, at *2 (D.D.C. Jan. 21, 2018) (quoting *Crosby*, 545 U.S. at 523).

---

[3] Although the Court of Appeals in *Harris* treated the petitioner's argument as one that went to "the integrity of his habeas proceedings," and thus considered the Rule 60(b) motion on the merits, *see Harris*, 367 F.3d at 81–82, the Supreme Court's opinion in *Crosby* makes it clear that this Court should consider such motions as "in substance a successive habeas petition." *Crosby*, 545 U.S. 531.

5

## CONCLUSION

Accordingly, the Court will grant the government's motion to transfer Price's motion to the Court of Appeals pursuant to 28 U.S.C. § 1631. A separate Order accompanies this Memorandum Opinion.

/s/ Ellen S. Huvelle
ELLEN S. HUVELLE
United States District Judge

Date: February 18, 2020